

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

November 5, 1969

Honorable Preston Smith
Governor of Texas
Capitol Building
Austin, Texas

Opinion No. M-505

Re: Construction of House Bill
895, Acts of the 61st Legis-
lature, Regular Session,
Chapter 812, page 2425, re-
lating to the Texas Civil
Judicial Council.

Dear Governor Smith:

Your request for an opinion asks the following ques-
tions relating to terms of office of members of the Texas
Civil Judicial Council:

"1. Does Section 2, in providing for four
(4) year terms for two Justices of the Courts of
Civil Appeals and two presiding judges of the
administrative judicial districts violate Article
16, Section 30 of the Texas Constitution?

"2. If so, are the above four (4) year terms
authorized by Article 16, Section 30a of the Texas
Constitution?

"3. If there is a conflict with either of
the above Constitutional provisions, may the
above appointive members of the Civil Judicial
Council be appointed for two (2) year terms under
the authority of Article 16, Section 30 of the
Constitution."

Section 2 of House Bill 895, Acts of the 61st Legis-
lature, Regular Session, Ch. 812, p. 2425, amends Section 3 of
Article 2328a, Vernon's Civil Statutes, so as to provide in part
as follows:

"Sec. 3. The ex officio members of the
Council shall consist of the following: (1)
the Chief Justice of the Supreme Court of Texas,
who shall remain a member as long as he holds

-2421-

the position of Chief Justice; (2) two Justices
of the Courts of Civil Appeals, to be designated
by the Governor for overlapping four-year terms,
one to be designated in January, 1971, for a
four-year term and one to be designated in
January, 1973, for a four-year term with the
replacement in each case to be designated by
the Governor in January of odd-numbered years;
(3) two presiding judges of the administrative
judicial districts, to be designated by the Gov-
ernor for four-year terms, one to be designated
in January, 1971, for a four-year term and one
to be designated in January, 1973, for a four-
year term, with the replacement in each case to
be designated by the Governor in January of odd-
numbered years; (4) the Chairman and the immediate
past Chairman of the Senate Jurisprudence Committee;
and (5) the Chairman and the immediate past Chairman
of the House Judiciary Committee. . . ."

Ex-officio members of a board do not hold separate
and distinct offices. Rather, the same constitutes additional
duties imposed upon an officeholder. Attorney General's Opinions
S-94 (1953) and M-47 (1967). In Attorney General's Opinion S-94
(1953), it is stated:

"The ex-officio duties of the members of the
Texas Highway Commission are additional duties re-
quired to be performed by such officers without ad-
ditional compensation. Therefore, acts of the ex-
officio members of the Board of Directors of the
Texas Turnpike Authority are by virtue of the duties
imposed on Highway Commissioners. The act does not
create a separate and distinct office insofar as it
applies to such members, and Sections 33 and 40 of
Article XVI of the Constitution of Texas have no ap-
plication. Jones v. Alexander, 122 Tex. 328, 59
S.W.2d 1080 (1933); Eucaline Medicine Co. v. Standard
Investment Co., 25 S.W.2d 259 Tex.Civ.App. error ref.,
1930); Irwin v. State, 147 Tex.Crim. 6, 177 S.W.2d
970 (1944). Therefore, the performance of such ex-
officio duties would not violate the provisions of
Sections 33 and 40 of Article XVI of the Constitution
of Texas.

"The Constitutional oath required of the ex-
officio Directors of the Texas Turnpike Authority
is the same oath that such Highway Commissioners
have already taken. Therefore, it would be a
meaningless thing to require them to again take
the same oath upon assuming their additional
duties. Furthermore, as stated above the members
of the Texas Highway Commission hold only one office."

The same principle applies to the ex-officio members of the Texas Civil Judicial Council. Therefore, in answer to your first and second questions, their term of office is not governed by the provisions of Section 30 or 30a of Article XVI of the Constitution of Texas for the reason that the same is not a separate and distinct office.

In answer to your third question, Section 4 of Article 2328a, Vernon's Civil Statutes, as amended by House Bill 895, supra, provides in part:

"Sec. 4. The appointive members of the Council shall consist of nine resident citizens of the State of Texas, seven of whom shall be members of the State Bar of Texas and two of whom shall be persons not licensed to practice law, including at least one who is by profession a journalist. The Governor of Texas shall select the appointive members of the Council for six-year overlapping terms, three to be appointed to serve until July 1, 1975, three to serve until July 1, 1977, and three to serve until July 1, 1979, and thereafter their successors shall be appointed for terms of six years; provided that appointive members of the Council holding office on the effective date of this Act shall continue in office for the balance of the term to which they were appointed, and their successors shall be selected in the manner and for the term herein provided. Vacancies in the appointive membership of the Council shall be filled by appointment of the Governor for the unexpired term only."

Section 30 of Article XVI of the Constitution of Texas provides that the duration of all offices not fixed by this Constitution shall never exceed two years. Section 30a of Article XVI of the Constitution of Texas provides:

"The Legislature may provide by law that the members of the Board of Regents of the State University and boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, and such boards as have been, or may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years

in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section."

It is noted that Section 4 of Article 2328a as amended by House Bill 895 states that the appointive members of the Council shall consist of nine resident citizens who hold their respective offices for a term of six years, one-third of the members to be appointed every two years, to wit: until July 1, 1975, July 1, 1977 and July 1, 1979. Therefore, Section 4 complies with the provisions of Section 30a of Article XVI of the Constitution of Texas.

### S U M M A R Y

The ex-officio members of the Texas Civil Judicial Council do not hold separate and distinct offices and therefore their terms are not governed by the provisions of Sections 30 and 30a of Article XVI of the Constitution of Texas. The appointive members of the Council serve for a term of six years, one-third of the members to be appointed every two years. The term of office of such appointive members therefore complies with Section 30a of Article XVI of the Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Harold Kennedy
Houghton Brownlee, Jr.
Sarah E. Phillips
Bill Corbusier
Jack Dillard

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant